# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-01162-COA

**JAMES EMMITT POOLE A/K/A JAMES POOLE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:              09/19/2023
TRIAL JUDGE:                        HON. JON MARK WEATHERS
COURT FROM WHICH APPEALED:  FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF PUBLIC DEFENDER
                                        BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                        BY: JULIANNE KAY BAILEY
DISTRICT ATTORNEY:             PATRICIA A. THOMAS BURCHELL
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                   AFFIRMED - 01/07/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. On August 7, 2023, James Poole was found guilty of possession of more than two but less than ten grams of methamphetamine, a Schedule II controlled substance, pursuant to Mississippi Code Annotated section 41-29-139(c)(Rev. 2018). On appeal, Poole argues that the seizure leading up to the discovery of the methamphetamine was illegal and that the drugs recovered as a result were fruit of the illegal seizure.

## FACTS AND PROCEDURAL HISTORY

¶2. On October 19, 2020, Investigator Andy Davis and another investigator were dispatched to a trailer park located at 63 Sullivan Kilrain Road, Lot 77, in Hattiesburg,

Mississippi.[1] The investigators were dispatched to talk to Amanda Roberts, a resident of the trailer park, about some information she had regarding several burglaries and other crimes that took place in that area and throughout the county. Davis testified that as he and the other investigator were turning into the trailer park off Sullivan Kilrain Road, they observed a vehicle backing out near Roberts' trailer. As they approached and passed the vehicle, Davis noticed that the driver of the vehicle, later identified as James Poole, was not wearing a seatbelt. Davis turned his car around and initiated a traffic stop for a seatbelt violation.[2] When Davis approached the vehicle and asked Poole for his driver's license, Davis noticed a syringe lying on the center console inside Poole's car. Davis asked Poole to step out of the vehicle and then inquired if Poole had anything illegal or any weapons on his person. According to Davis, Poole stated that he did not. Davis asked Poole for permission to pat him down. Davis testified that Poole consented to a pat-down search. As Poole conducted the search, Davis discovered a "bulge, a ball-like feeling in [Poole's] pocket and it was soft to the touch." Davis testified that when he removed the bulging object, he discovered a "cellophane-like" plastic bag containing a white substance that he believed to be methamphetamine. Poole was arrested as a result of the discovery of the cellophane plastic bag.

---

[1] According to local reports, a very significant event occurred on July 8, 1889, in Richburg, Mississippi involving John L. Sullivan and Jake Kilrain, the men for which Sullivan Kilrain Road is named. Mississippi Humanities Council, Mississippi Encyclopedia (2024), https://mississippiencyclopedia.org/entries/sullivan-kilrain-fight/.

[2] It is undisputed that the traffic stop took place on a road within the trailer park community; however, none of the streets within the trailer park are named. Davis testified that the stop took place in front of lot 7.

¶3.    On February 17, 2023, Poole was indicted for willfully, unlawfully, and feloniously possessing more than two grams but less than ten grams of methamphetamine, a Schedule II controlled substance.  No pre-trial motions were filed, so the matter proceeded to trial. Although Poole's attorney saw him outside the courthouse on the day of trial, Poole failed to enter the courthouse and participate in his case.  The court held that Poole's absence was voluntary and constituted a knowing and intelligent waiver of his right to be present at trial.

¶4.    At trial, only two witnesses testified.  The State called Deputy Davis, who described to the jury the events that led to him finding the methamphetamine in Poole's pocket.  The State then called Shelby Bintz, who testified as an expert in the field of chemical analysis of illegal drugs and narcotics.  The substance Davis recovered from Poole was introduced into evidence without objection.  Bintz testified that the substance inside the package was tested and found to be 3.91 grams of methamphetamine, a Schedule II drug.  The State rested its case after calling these two witnesses.

¶5.    The defense then moved for a directed verdict, arguing that the methamphetamine was found as a result of an illegal search and was not admissible.  The stop was based upon a seat belt violation, which defense counsel argued was inapplicable because Poole was not on a public highway but was on privately owned property.  Therefore, counsel argued, the State could not meet its burden of proof, legally.  The State responded by arguing that the statutes have been more broadly interpreted to include areas such as alleyways.  The trial court denied the motion for a directed verdict.

¶6.    A jury found Poole guilty of the indicted charge on August 7, 2023, in his absence.

However, Poole was present on September 19, 2023, for sentencing. Poole was sentenced to a term of eight years in the custody of the Mississippi Department of Corrections (MDOC). Poole's motion for judgment notwithstanding the verdict was denied, and Poole filed his notice of appeal.

## ANALYSIS

¶7.     On appeal, Poole continues to argue that the seizure leading up to the discovery of the methamphetamine was illegal and that the drugs recovered as a result were the fruit of the illegal seizure. Poole presents a lengthy argument concerning the "Mandatory Use of Safety Seat Belts" (Miss. Code Ann. §§ 63-2-1 to -7 (Rev. 2022)) and the "Rules of the Road" (Miss. Code Ann. §§ 63-3-301 to -325(Rev. 2022)). He claims that the drugs in his possession should have been suppressed and that his conviction should be overturned.

¶8.     In response, the State contends that Poole's one and only argument on appeal is waived and barred from consideration by this Court because Poole failed to file a motion to suppress the evidence obtained from the traffic stop prior to trial. Further, the State argues that Poole's counsel failed to make a contemporaneous objection at trial when the evidence was admitted. In *Johnson v. State*, 325 So. 3d 1177, 1182 (¶18) (Miss. Ct. App. 2021), this Court stated in part:

> [O]bjections to the admissibility of identification evidence should be made in a motion to suppress." *Demorst v. State*, 228 So. 3d 323, 328 (¶10) (Miss. Ct. App. 2017). "Motions to suppress evidence are generally required to be made [before] trial, and the failure to do so without good cause has been held to be not only a procedural bar, but a waiver of the issue precluding even plain error review." *Id*. Additionally, "failure to lodge a contemporaneous objection to the admission of evidence [generally] waives the issue on appeal." *Dickerson v. State*, 175 So. 3d 8, 22-23 (¶50) (Miss. 2015).

In *Johnson*, this Court held that Johnson was procedurally barred from raising the issue of admissibility of evidence on appeal. Similarly, in the case at hand, Poole failed to file a motion to suppress the alleged illegally obtained evidence prior to trial. Further, Poole's counsel failed to make a contemporaneous objection to the evidence being admitted into evidence at trial. For those reasons, Poole's claim is waived and precluded from review by this Court. When Poole moved for a directed verdict, the controlled substance had already been admitted into evidence without objection, and the State had rested its case-in-chief. The trial court did not err by denying Poole's motions for a directed verdict or judgment notwithstanding the verdict.

## CONCLUSION

¶9. Poole's conviction and sentence for willfully, unlawfully, and feloniously possessing more than two grams but less than ten grams of methamphetamine, a Schedule II controlled substance, are affirmed.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND WEDDLE, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ST. PÉ, J., NOT PARTICIPATING.**